## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 16-03950-JW |
| | Chapter 13 |
| Lorenda Lin Thomas-Wright, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court on September 22, 2017 upon an Application for Distribution of Entitlement *Nunc Pro Tunc* ("Application") filed on August 9, 2017 by Lorenda Lin Thomas-Wright ("Debtor"). Debtor seeks the approval of her receipt in September and November 2016 of Veterans Affairs ("VA") disability benefits based upon a prepetition administrative claim.[1]

The Chapter 13 Trustee responded to the Application on August 31, 2017 and stated that he did not object to the distribution of benefits, but believed they should be characterized as disposable income, and therefore, Debtor should increase her payment to unsecured creditors to 100% of allowed claims under her chapter 13 plan.

The United States Trustee objected to the Application on August 31, 2017, primarily raising concerns about the timeliness of the disclosure of the benefits, asking that the Application be denied, and requesting sanctions against Debtor's attorney or a reduction of his compensation.[2]

---

[1] At various times at the hearing and in the Joint Statement of Dispute, the award of benefits was referred to as a settlement. However, there was no lawsuit or attorney representing Debtor in connection with the claim and no dispute proceeding. Debtor filed her own administrative claim which was granted retroactively.

[2] In her response, the United States Trustee defined Debtor's attorney as Moss and Associates, whose principal attorney is Jason Moss. However, the attorneys with direct dealings with Debtor are no longer with that firm, but continue to practice in this District.

*Approval of the Application for Distribution of Entitlement*

Upon a review of the arguments presented by counsel, Debtor's entitlement is hereby approved and the Application granted.

It is apparent to the Court that the subject VA disability benefits are exempt under both federal and South Carolina law. Section 5301 of Title 38 of the United States Code discusses the exempt status of veteran's benefits:

> Payments of [veteran's] benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to claims of the United States arising under such laws nor shall the exemption therein contained as to taxation extend to any property purchased in part or wholly out of such payments.

See 38 U.S.C. § 5301(a)(1) (2017); see also Jay R Bender, *The Unequal Treatment of Veterans and Veterans' Disability Benefits under the Bankruptcy Code*, 2017 No. 6 NORTON BANK. L. ADVISER NL 1 (June 2017) (criticizing the "shocking" difference in treatment between social security benefits and VA benefits by certain bankruptcy courts). The United States Supreme Court has indicated that the purpose of the federal exemption of veteran's benefits is "to protect funds granted by Congress for the maintenance and support of the beneficiaries thereof." Porter v. Aetna Cas. and Sur. Co., 370 U.S. 159, 162, 82 S. Ct. 1231, 8 L. Ed. 2d. 407 (1962). Further, the South Carolina Code provides that veteran's benefits are "exempt from attachment, levy and sale under any mesne or final process issued by a court or bankruptcy proceeding . . . ." S.C. Code. Ann. § 15-41-30(A)(11)(b) (2017).

Debtor amended her schedules to claim an exemption in the lump sum payments which are the subject of the Application on August 7, 2017, and no party, including the Chapter 13

Trustee or the United States Trustee, objected to the exemption pursuant to Fed. R. Bank. P. 4003(b)(1). Accordingly, without an objection, the exemption is allowed. See Taylor v. Freeland & Kronz, 503 U.S. 638, 643–44, 112 S. Ct. 1644, 1648, 118 L. Ed. 2d 280 (1992) (finding that a chapter 7 trustee cannot contest an exemption after the expiration of the deadline to contest exemptions, regardless of whether the debtor had a colorable statutory basis for claiming the exemption). Based on the VA's determination and the exempt nature of the benefits, it clearly appears that Debtor was entitled to the benefits at the time of their receipt. It is not necessary for the Court to consider the entitlement "*nunc pro tunc*." However, if it were, there has been no showing that Debtor acted improperly so as to disqualify her from the entitlement. See Law v. Siegel, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014) (overturning a bankruptcy court's decision to surcharge a debtor's exemption, and holding that a bankruptcy court lacks the authority to create additional exceptions beyond those "carefully calibrated exceptions and limitations" set forth in 11 U.S.C. § 522).[3] Therefore, Debtor's receipt of the entitlement payments is approved, and the United States Trustee's objection to the Application is overruled.

Furthermore, Debtor voluntarily amended her confirmed plan to pay 100% to unsecured creditors on August 9, 2017. No party, including the Chapter 13 Trustee or the United States Trustee, objected to the proposed amended plan, and the plan is now confirmed and binding on all parties. See United States Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 273–75, 130 S.Ct. 1367, 1379–80, 176 L.Ed.2d 158 (2010) (holding that a confirmed chapter 13 plan is binding on all the parties regardless of whether the plan contains a legal error). Therefore, the concerns expressed by the Chapter 13 Trustee in his response to the Application have been satisfied. At the hearing, the Chapter 13 Trustee agreed that either the Application is moot or could be granted.

---

[3] Neither the United States Trustee, nor the Chapter 13 Trustee, presented any arguments or evidence regarding an applicable exception to Debtor's exemption under 11 U.S.C. § 522 or under South Carolina law.

3

*United States Trustee's Request for Sanctions or Reduction in Compensation*

Despite these dispositions, the United States Trustee requests the Court sanction Debtor's attorney for bad faith conduct under the Court's inherent authority recognized in Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d. 27 (1991), or reduce the attorney's compensation as excessive pursuant to 11 U.S.C. § 329(b)(2).

Under the facts and circumstances presented in this case, the Court declines to do so, finding neither a sanction or a reduction in compensation is warranted for the following reasons:

(1) Debtor and Debtor's attorney fully cooperated with the Chapter 13 Trustee and the United States Trustee in this matter and responded to the Chapter 13 Trustee's request to file the Application and amended plan.[4] The allowance of the exemption and confirmation of the amended plan satisfies the Court's concerns and are the law of the case.

(2) Nothing presented by the United States Trustee or the Chapter 13 Trustee convinces the Court that the actions of either Debtor or Debtor's attorney rise to the level of bad faith conduct, abuse of the judicial process, an attempt to mislead the Chapter 13 Trustee or the Court, or constitute other grounds that would justify the issuance of sanctions or another remedy.[5]

---

[4] Although Debtor's testimony at the 11 U.S.C. § 341 meeting of creditors was not submitted to the Court, when asked at the Fed. R. Bankr. P. 2004 exam why she did not disclose the benefits in response to the questions by the Chapter 13 Trustee at that meeting, Debtor responded that she was unsure how or when her income would be changed by the VA benefits as she had only received an "unofficial notification" from the VA at that time. She further indicated that she did not realize to disclose the benefits because she thought "it didn't fit in [to] any questions that were asked [by the Chapter 13 Trustee]." In the Court's view, Debtor's actions appear appropriate and her testimony forthright.

[5] While there appear to have been some miscommunications within the law firm of Debtor's attorney, the Court is convinced that Mr. Moss had no personal knowledge of the issues before they were raised by the Chapter 13 Trustee. Mr. Moss' firm has long been the filer of the largest number of consumer bankruptcy cases in the District. As a result of numbers alone, it is likely that the law firm would occasionally have issues in administrating such a volume of cases. However, in the Court's experience, Mr. Moss has always been forthcoming and honest in his

(3) Nothing presented by the United States Trustee or the Chapter 13 Trustee convinces the Court that the actions or inaction of Debtor's attorney, under these facts and circumstances, warrant a reduction in compensation for Debtor's attorney. Considering the complexity of the issue and the facts, the representation was not substandard, and the compensation is not excessive. Debtor has not complained about her counsel's representation, nor does Debtor appear harmed by it, and she has not requested return of payment from her attorney as provided in 11 U.S.C. § 329.

(4) The legal issue central to this matter—whether a debtor can be compelled post-confirmation to contribute VA disability benefits to pay creditors in a chapter 13 plan when the proceeds are indisputably exempt from collection by creditors—has not been decided by a court in this District, and guidance has not been provided by any ruling of the Fourth Circuit Court of Appeals or the United States Supreme Court. Further, this matter appears to raise a difficult conflict between two federal statutes. Compare 38 U.S.C. § 5301(a)(1) (2017) (indicating Congress' intent that veteran's benefits should be exempt from any collection by creditors) with 11 U.S.C. § 101(10A) (indicating that a debtor's current monthly income includes any amount paid by any entity other than the debtor on a regular basis for the debtor's household expenses or dependents, but excluding similarly exempt benefits, including benefits received for Social Security, victims of war crimes and terrorism). Being an issue of first impression, the undersigned is not certain he would agree with the Chapter 13 Trustee's view.[6] Such

---

dealings with the Court, admitting any errors or mistakes when made. The Court finds his statements regarding this matter credible.

[6] There may be an additional question of whether the analysis would be different for the award of exempt benefits due prepetition, as opposed to monthly benefits awarded post-petition in the future.

unsettled legal issues should not be the basis for sanctions or a reduction of compensation.

(5) Consumer bankruptcy practice on all sides is not perfect. The Court regularly sees errors made by attorneys for debtors and creditors alike as well as the trustees that practice before it. Every error, omission, mistake, or even misjudgment should not serve as a basis for sanctions against counsel. It is instances of intentional misconduct, blatant disregard for clear orders and rules, repeated and substantial errors which cause prejudice that are more likely to be cause for sanctions. In addition, this Court must always be concerned that any consideration of sanctions and reductions of compensation be evenly and fairly applied.

To address similar problems in the future, at the hearing, Debtor's attorney reported that he has improved the questionnaire used to gather information from debtors.[7] Further, to improve the practice in this area, the Court directs Debtor's attorney to review the facts and circumstances related to this case with his staff to ensure that future communications from clients which reference later discovered or obtained assets and income, whether exempt or not, are effectively reported in writing to the attorney responsible for the case. Debtor's attorney shall report compliance with this requirement to the Court through the filing of a correspondence within 14 days of the entry of this Order.

Likewise, the Chapter 13 Trustee should reexamine the questions he asks at the 11 U.S.C. § 341 meeting of creditors and his procedures to determine the existence or expectation of assets and income, and determine if they are clear, understandable and adequate. The Chapter 13 Trustee

---

[7] Apparently, the form questionnaire used in this matter is the same form recommended by the American Bar Institute and used by the South Carolina Bar's Pro Bono Program and many of the consumer practitioners in this District.

shall report any adjustments to the Court through the filing of a correspondence within 14 days of the entry of this Order.

## CONCLUSION

For the foregoing reasons, the Court hereby grants the Debtor's Application and denies the United States Trustee's request for sanctions against Debtor's attorney or a reduction in his compensation.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
September 27, 2017

**FILED BY THE COURT**
**09/27/2017**



*signature: John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 09/27/2017